# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 1:05-CR-43 (WLS-TQL-1) |
| DARREN CANTRELL MILLER, | : |

## ORDER

Presently before the Court is Defendant Darren Cantrell Miller's Motion for Compassionate Release pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) and accompanying supplements, which were filed between September 2, 2021 and November 15, 2022.[1] (Docs. 96, 98, 100 & 101.) Therein, Defendant requests that this Court enter an Order authorizing his compassionate release, or in the alternative a reduction in his sentence, or in the alternative an evidentiary hearing so that Defendant can prove he should not have been held accountable for certain sentencing enhancements included within the Pre-Sentence Investigation Report. (Doc. 96.) For the reasons that follow, Defendant's Motion for Compassionate Release (Doc. 96) is **DENIED**.

On June 1, 2006, Defendant Miller pled Guilty to Counts One, Two and Three of a three (3) count superseding information. (Docs. 29 & 32.) Count One charged Defendant with possession of Crack Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). (Doc. 29.) Count Two charged Defendant with assault on an officer of the United States with a deadly weapon in violation of 18 U.S.C. § 111(1) and 111(b). (*Id.*) Count Three charged Defendant with Possession of a Firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and 18 U.S.C. § 2. (*Id.*)

---

[1] The Court notes for the purposes of the record that Defendant's supplements to his Motion for Compassionate Release pertain to his plans to reside with his grandmother upon release; his need to return home to act as his grandmother's caregiver; and plans for employment. (Docs. 96-2, 100 & 101.)

1

Defendant was sentenced by this Court on September 15, 2006 to one-hundred and eighty-eight (188) months imprisonment as to Counts One and Two to run concurrent, eighty-four (84) months imprisonment as to Count Three to be served consecutively to Counts One and Two for a total term of two-hundred and seventy-two (272) months. (Doc. 44.) That prison term was to run consecutive to the undischarged term of imprisonment with the Georgia Department of Corrections in Sumter County Superior Court Docket #01R565. (*Id.*) Defendant was also ordered to serve five (5) years of supervised release and to pay $300 in mandatory criminal penalties. (*Id.*) Defendant's sentence was subsequently reduced on April 27, 2020 to two-hundred nineteen (219) months imprisonment to be followed by five (5) years supervised release pursuant to Defendant's First Step Act Motion. (Docs. 92 & 94.)

As Defendant is proceeding *pro se* the Court has construed his filings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). After fully reviewing Plaintiff's Motion and accompany supplements (Docs. 96, 98, 100 & 101) there are three (3) issues presently before the Court. First, whether Defendant has shown extraordinary and compelling reasons that would authorize his compassionate release? Second, whether Defendant is entitled to further relief under § 404 of the First Step Act? Finally, whether Defendant is entitled to an evidentiary hearing?

As an initial matter, Defendant has not shown an extraordinary and compelling reasons that would authorize his compassionate release. The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court. Before the Act, "compassionate release" was only available upon a motion from the Director of the Bureau of Prisons. The First Step Act provided that once a movant established that he had fully exhausted his administrative rights, a court could reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a) it found that compelling and extraordinary reasons warranted a reduction and that the reduction was consistent with the applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(1).

After a complete review of Defendant's motion, the medical records and information obtained by the U.S. Probation Office ("USPO"), and the applicable factors set forth in 18 U.S.C. § 3553(a), the Court finds that no extraordinary or compelling reason warrants the relief

2

requested. Defendant's cited health concerns – specifically a recent diagnosis of salivary gland cancer – do not place Defendant at an unacceptably high risk of health complications from Covid-19. (Doc. 98.) In addition, the Court notes that Defendant's medical records and filings reflect that Defendant has been vaccinated against Covid-19. (Doc. 96-2.)

Furthermore, while familial circumstances can constitute extraordinary and compelling reasons, it only permits relief when a "defendant becomes the only potential caregiver for a minor child or for a spouse." *United States v. Bryant*, 996 F.3d 1243, 1250 (11th Cir. 2021) (citing U.S.S.G. § 1B1.13 cmt. n.1(C).). In the present case, Defendant avers that he would be the caregiver of his grandmother. (Doc. 96-2.) However, Defendant does not aver that he is the *only* potential caregiver, and a grandmother is not a minor child nor a spouse.

In addition, the Court does not agree with Defendant's contention that the creation of the First Step Act, in conjunction with other changes to the statutory penalties for cocaine offenses to address racial disparities in sentencing, constitutes an "extraordinary and compelling reason" warranting a reduction in Defendant's sentence. (Doc. 96 at 7.)

Finally, the Court notes for the purposes of the record that it does not agree with Defendant's contention that the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. (Docs. 96 & 98.) In the present case, Defendant was convicted of Assault on an Officer of the United States with a Deadly Weapon in violation of 18 U.S.C. § 111(1) and 111(b) as well as Possession of a Firearm in furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and 18 U.S.C. § 2. (Doc. 29.) These are serious crimes and the Court hereby finds that the factors enumerated in 18 U.S.C. § 3553(a), specifically the need to promote respect for the law and to provide adequate deterrence to criminal conduct weighs against a sentence reduction.

Turning next to Defendant's contention that he is entitled to further relief under § 404(b) of the First Step Act. (Doc. 96 at 8.) As stated *supra*, Defendant's sentence was reduced on April 27, 2020 to two-hundred nineteen (219) months imprisonment to be followed by five (5) years supervised release pursuant to Defendant's original First Step Act Motion. (Docs. 92 & 94.) While Defendant acknowledges that he received this relief in his motion, it is Defendant's position that he is entitled to further relief under § 404(b) of the First Step Act as a result of the Court allegedly erring in calculating his sentence. (Doc. 96 at 8.) Defendant does

3

not identify what the Court's alleged error was in calculating his sentence, however, but simply lists those circumstances where a district court may reduce a sentence previously imposed under the First Step Act. (Doc. 96 at 9.) Defendant also incorrectly claims that this is Defendant's first § 404 motion. (Docs. 92, 94 & 96 at 10.)

Liberally construed, there are two possible interpretations of Defendant's argument as to this issue. First, that Defendant is contending that he is entitled to relief under § 404(b) of the First Step Act. Second, that Defendant is moving the Court for reconsideration of its prior Order reducing Defendant's sentence. (Docs. 94 & 96.) The Court shall therefore address both possible interpretations in turn.

As an initial matter, Defendant is not entitled to further relief under § 404(b) of the First Step Act as Defendant sentence was already reduced pursuant to the First Step Act. (Doc. 94.) While Defendant maintains that this is his first First Step Act Motion (Doc. 96 at 9) that is incorrect. Defendant specifically moved under §404 of First Step Act and was already afforded relief. (Docs. 92 & 94.) As Defendant's sentence was already reduced under the First Step Act the Court declines to reduce Defendant's sentence further at this time.

Turning to the second possible interpretation of Defendant's argument as to this issue, that due to unelaborated upon claims of error, the Court should reconsider its Order affording reduction of Defendant's sentence. (Doc. 94.) To the extent that the Defendant moves for reconsideration of this Court's April 27, 2020 Order (Doc. 94) that Motion is **DENIED**. Defendant's Motion for Reconsideration as to this issue (Doc. 96) is denied as it has been the longstanding practice of this Court to grant a motion for reconsideration only when the movant timely demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997). In the present case, there has been no intervening change in the law since Defendant's sentence was reduced on April 27, 2020, Defendant has not presented any new and previously unavailable evidence, and the Court did not make a clear error of law. Accordingly, to the extent that Defendant moves for reconsideration of this Court's prior Order reducing Defendant's sentence, that motion is **DENIED**.

4

Turning to Defendant's last argument that he is entitled to an evidentiary hearing. (Doc. 96 at 11.) It would appear that Defendant requests an evidentiary hearing so that Defendant can object to the total drug weight outlined in paragraph 31 of the Presentence Investigation Report (Doc. 48) which noted that the "amount of drugs attributable to the defendant is 987.59 kilograms of marijuana." (Docs. 48 ¶ 31 & 96 at 11.) Defendant also appears to desire an evidentiary hearing so that he can object to the specific offense characteristics and victim-related adjustments contained in paragraphs 40-43 of the Presentence Investigation Report. (Docs. 48 & 96 at 17.) It appears that it is Defendant's position that the Court erred in calculating his sentence because it inappropriately adopted the enhancements referenced in the Presentence Investigation Report, when those enhancements were not proved beyond a reasonable doubt. (Doc. 96 at 17.)

As an initial matter, Defendant's objection to the Presentence Investigation Report is out of time. (Docs. 48 & 96.) Second, even if Defendant's objection were not out of time, it would fail on its merits, because it is well established that "the preponderance burden applies when the sentence is enhanced."[2] *United States v. Arroyo-Jaimes*, 608 Fed. Appx. 843, 848 (11th Cir. 2015) (citing *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013) ("When the government seeks to apply an enhancement . . . over a defendant's factual objection, it has the burden . . . [to] prove the necessary facts by a preponderance of the evidence.")). Accordingly, to the extent that Defendant claims that this Court erred by relying upon the facts in the Presentence Investigation Report because they were not proven beyond a reasonable doubt (Doc. 96 at 17), that argument fails as the Court utilized the correct standard of proof. Accordingly, to the extent that Defendant moves for an evidentiary hearing so that he can now object to the factual predicates that led to certain sentencing enhancements at his original sentencing hearing, Defendant's Motion is **DENIED**.

Finally, the Court notes for the purposes of the record that Defendant's Motion and accompanying exhibits contain Defendant's medical records from his time in the bureau of prisons, which is private personal information. While court records presumptively public, as the "operations of the courts and the judicial conduct of judges are matters of utmost public

---

[2] The Court notes for the purposes of the record that Defendant did not raise either of these objections at his sentencing hearing. (*See* Doc. 56.)

5

concern" this presumption is not absolute. *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). This right is not absolute because it can be overcome by a showing of good cause, which may be based on the nature of the information at issue. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). To determine whether disclosure is appropriate, the Court must "balance the respective interests of the parties." *Chi. Tribune Co.*, 263 F.3d at 1313.; *BASF Corp. v. SNF Holding Co.*, No. 4:17-cv-251, 2019 U.S. Dist. LEXIS 111596, at *15 (S.D. Ga. July 3, 2019) (The judge "'may not rubber stamp a stipulation to seal the record.'") Generally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in the information." *Romero*, 480 F.3d at 1246. The Court has reviewed the Defendant's Motion and finds that good cause exists to seal. (Doc. 96.) Good cause exists as Defendant's Motion, and the accompanying exhibits, contain and cite Defendant's medical records from his time in the bureau of prisons, which is private personal information. Accordingly, to the extent the motion includes private information, the publics' interest in the right to inspect and copy public records is outweighed by Defendant's private interest in preventing disclosure.

In conclusion, Defendant's Motion for Compassionate Release (Doc. 96) is **DENIED**. The Clerk is **DIRECTED** to docket Defendant's medical records, which are emailed to the Clerk's Office herewith, separately under seal until further Order of the Court.

**SO ORDERED**, this 27th day of February, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**